**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| LAUREN NICOLE WAITE,<br><br>      Plaintiff,<br><br>   v.<br><br>WALMART, INC. et al<br><br>      Defendants. | Case № 2:26-cv-01460-ODW (CFEx)<br><br>**ORDER GRANTING MOTION TO REMAND [11]** |

## I.      INTRODUCTION

Plaintiff Lauren Nicole Waite filed this premises liability and general negligence action in state court against Defendants Walmart, Inc. and Mariana Martinez.  (Notice Removal ("NOR") Ex. A ("Compl."), Dkt. No. 1.)  Walmart removed the action to this Court on the basis of diversity jurisdiction.  (NOR 3, Dkt. No. 1.)  Waite now moves to remand.  (Mot. Remand ("Motion" or "Mot."), Dkt. No. 11.)  For the following reasons, the Court **GRANTS** the Motion and **REMANDS** this action to state court.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

Walmart is a Delaware corporation with its principal place of business in Arkansas.  (NOR 2.)  Waite, a Nevada citizen, alleges she slipped and fell on a shattered spaghetti sauce jar that dropped through an opening in her shopping cart at a Walmart store managed by Martinez, a California citizen.  (Compl. ¶¶ 1–4, 8, 17.)

On August 16, 2025, Waite initiated this negligence and premises liability action in state court against Walmart and Martinez.  (*Id.* ¶¶ 16–30.)  On February 11, 2026, Walmart removed this action to this Court, invoking the Court's diversity jurisdiction and arguing Martinez is a fraudulently joined defendant whose citizenship the Court should not consider in determining whether removal based on diversity was proper.  (NOR 3.)  Waite now moves to remand this case, arguing Martinez was not fraudulently joined and her presence as a California citizen bars removal under the forum defendant rule.  (Mot. 5–6.)  The Motion is fully briefed.[2]  (Opp'n, Dkt. No. 12.)

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court.  Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

---

[2] Waite filed her reply brief on March 31, 2026—thirteen days before the April 13, 2026 hearing date on the Motion—making it untimely filed.  *See* C.D. Cal. L.R. 7-10 (requiring the moving party serve and file its optional reply brief not later than fourteen days before the designated hearing date).  Thus, the Court does not consider Waite's reply brief in reaching its decision.  C.D. Cal. L.R. 7-12.

2

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When a case is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.* at 773–74.

## IV.      DISCUSSION

Waite moves to remand on the basis that Walmart improperly removed this action under the forum defendant rule because it did not establish Martinez was fraudulently joined. (Mot. 5.) Under the forum defendant rule, removals on the sole basis of diversity jurisdiction are prohibited "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendant Martinez is a California citizen. (Compl. ¶ 3.) Thus, unless Walmart can prove Martinez is fraudulently joined, her California citizenship bars removal pursuant to the forum defendant rule.

A fraudulently joined defendant is one against whom the plaintiff "fails to state a cause of action . . . and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). There is a general presumption against fraudulent joinder. *Id.* It is not enough to show that a plaintiff is unlikely to prevail on her claim; the defendant must show, by clear and convincing evidence, that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018); *see Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a sham defendant if . . . the plaintiff could not possibly recover against the party whose joinder is questioned.").

3

Here, Waite alleges premises liability and negligence claims against Martinez, an agent of Walmart.  (Compl. ¶¶ 16–30.)  California state law permits tort actions against agents through section 2343 of the California Civil Code.  *Celestino v. JPMorgan Chase Bank, N.A.*, No. 22-CV-04723-JST, 2023 WL 3607285, at *2 (N.D. Cal. Mar. 31, 2023).  California courts allow recovery against an agent because "[a]n agent or employee is always liable for his own torts, whether his employer is liable or not."  *Fleet v. Bank of Am. N.A.*, 229 Cal. App. 4th 1403, 1411 (2014); s*ee also Revay v. Home Depot U.S.A., Inc.*, No. 2:14-cv-03391-RSWL (ASx), 2015 WL 1285287, at *4 (C.D. Cal. Mar. 19, 2015) ("[A] corporate store manager is [not] immune from liability merely because the corporation may be held vicariously liable for the manager's negligence.").  Thus, Waite's claims against Martinez as a Walmart store manager are viable on their face because tort claims may be brought against a store manager under settled California law.  *Celestino*, 2023 WL 3607285, at *2.

Having found that Waite's claims against Martinez are viable, the Court further finds that Walmart has not demonstrated, by clear and convincing evidence, that there is no possibility Waite could recover against Martinez.  The case *Gallegos v. Costco Wholesale Corp.* is instructive.  No. 2:20-cv-3250-DMG (GJSx), 2020 WL 2945514, at *3 (C.D. Cal. June 2, 2020).  There, the court found insufficient evidence of fraudulent joinder when the defendant merely argued that "boilerplate allegation[s] against 'Defendants' generally" should be considered evidence of a failure to state a claim against the individual manager defendant.  *Id.*  Here, like the defendant in *Gallegos*, Walmart provides no evidence that recovery against Martinez is impossible.  (*See generally* Opp'n.)  Indeed, Walmart submits no evidence at all in support of its opposition brief.

Instead, Walmart argues that Waite's reliance on "duplicative" and "undifferentiated allegations asserted collectively against all defendants" constitutes a failure to bring a viable cause of action against Martinez.  (*Id.* at 2, 5.)  This argument fails for two reasons.  First, as in *Gallegos*, Walmart does not discount the possibility

4

that "[its] conduct is intertwined" with Martinez, such that any undifferentiated allegations would be proper and substantiated. 2020 WL 2945514, at *3. Second, even if Waite's claims are deficient, that deficiency does not amount to evidence the claims themselves are not viable under California law, especially considering that "[n]othing precludes [Waite] from amending [her] Complaint to cure any pleading deficiencies." *Id.* at *4. Thus, Walmart fails to demonstrate that Waite's "duplicative" or "undifferentiated allegations" necessarily mean that Waite cannot state a claim against Martinez.

Walmart also argues Waite created her own peril, so she cannot establish a cause of action against Martinez. (Opp'n 8.) However, Waite alleges Martinez *increased* the risk of Waite's injury. (Compl. ¶ 10.) Despite this, Walmart does nothing to demonstrate that this factual allegation is impossible. *Cf. Arguelles v. Costco Wholesale Corp.*, No. 2:24-cv-04199-RS (MAAx), 2024 WL 4579602, at *3 (N.D. Cal. Oct. 24, 2024) (finding fraudulent joinder where the store-defendant submitted evidence that the manager-defendant was not the manager of the store, nor on duty the day of plaintiff's injury). Thus, even if Waite did create her own peril, that does not foreclose Martinez's liability.

In sum, Walmart does not present clear and convincing evidence of Martinez's fraudulent joinder, but instead offers only defenses that require "a searching inquiry into the merits of [Waite's] case." *Grancare*, 889 F.3d at 549. Thus, the Court finds Walmart has not proven Martinez was fraudulently joined. As Martinez was not fraudulently joined and is a citizen of the forum state, the forum defendant rule bars removal to this Court. Therefore, the Court must grant Waite's Motion to Remand.[3]

---

[3] Waite seeks attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). (Mot. 16–17.) The Court finds removal improper but Defendants' removal was not objectively unreasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (holding plaintiffs should not be awarded attorneys' fees for removals that are not objectively unreasonable). As such, the Court **DENIES** Waite's request for attorneys' fees and costs.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Waite's Motion to Remand.  (Dkt. No. 11.)  The Court hereby **REMANDS** this action to the Superior Court of the State of California, County of Los Angeles, Compton Courthouse, 200 W. Compton Blvd., Compton, California 90220, Case No. 25CMCV01553.

All dates are hereby **VACATED**.  The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

June 26, 2026

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**